WILLIAM E. DEMAREST, APPELLANT, *v.* THE MAYOR, ETC., OF THE CITY OF NEW YORK, RESPONDENT.

*Board of assistant aldermen of the city of New York — constitutionality of act abolishing — chap. 335 of 1873 — Action for salary.*

Chapter 335 of 1873, abolishing the board of assistant aldermen of the city of New York, is constitutional and valid.

This action was brought by the plaintiff to recover his salary, as assistant alderman, for the year 1875. *Held,* that the action could not be maintained, because (1) it was only alleged that votes sufficient to elect him had been cast for him, and it was nowhere alleged that such votes had been canvassed by the proper officers, and that upon such canvass he had been declared elected; and, because, (2) as it was not alleged that any other members of the board had been elected, there were no duties for him to perform.

APPEAL from a judgment in favor of the defendant, entered upon the trial of this action upon a demurrer interposed by the defendant on the ground that the complaint did not state facts sufficient to constitute a cause of action.

The action was brought to recover the salary alleged to be due to the plaintiff as an assistant alderman of the city of New York. He claimed that chapter 335 of 1873, abolishing the board of assistant aldermen of New York, and chapter 757 of 1873, providing for the election of a single board, were unconstitutional. That at the election held on November 3, 1874, he received a large number of votes cast at that election for assistant alderman. That said votes were

duly received, counted, proclaimed and returned by the inspector of election, and that he was duly elected to the office. That during the year he offered his services to the defendant, and offered to perform all duties and services required of him in that capacity, and that he in every way fully performed all such services and duties so far as the defendant would permit him to do.

*Wilson F. Wolf*, for the appellant.

*D. J. Dean*, for the respondent.

DAVIS, P. J.:

By chapter 335 of the Laws of 1873, passed April 30, 1873, the board of assistant aldermen was abolished from and after the first day of January, 1875. The broad question presented on this demurrer relates to the constitutionality of the provisions of the act of 1873, abolishing that board. That question has already been considered in this court, in *Demarest* v. *Wickham, Mayor, etc.* (11 S. C. N. Y. [4 Hun], 627), in which it was held that the act abolishing the assistant aldermen was constitutional. We adhere to the views expressed by the court in the opinion delivered by DANIELS, J. It is not at all material to consider the question of the validity of the act of June 13, 1873 (Laws of 1873, chap. 757), which declared and regulated the mode of electing aldermen in the city of New York, because the constitutionality of the act of April 30, 1873, does not depend in any sense upon the validity of the act of June 13, 1873. But if the act abolishing the board of assistant aldermen were declared to be unconstitutional, the averments of the complaint would not in that case be sufficient to show the plaintiff's right to recover the salary for which this action is brought; first, because the complaint fails to show that the votes alleged to have been cast for him at the election of 1874 were ever canvassed by the proper authorities of the city, and that he was, upon such canvass, duly declared elected to such office. It shows, only, that votes were cast sufficient to have elected him to the office, if the same had been properly canvassed in accordance with the requirements of law. This is not sufficient to show the plaintiff entitled to enter upon the discharge of the duties of the office so as to prosecute for the

salary. Second. The plaintiff fails to show the election of a board of assistant aldermen, or of any other member of said board beside himself; and inasmuch as it appears by the averments of the complaint that the office itself was abolished by the legislature, we cannot presume that any such board was elected. The existence of a board, therefore, was not shown, nor can it be presumed. Hence there were no duties for the plaintiff to perform, inasmuch as it was impossible for him alone, lawfully to constitute a board of assistant aldermen. Without the existence of the board there could be no duties, and consequently there could be no title to any salary.

Even if a board of assistant aldermen might lawfully have been elected at the time the plaintiff alleges that he was chosen to the office, the fact that no such board was elected is fatal, we think, to the demand of the plaintiff, as the non-existence of the board renders it impossible for him to perform any duty or function of the office, and thereby to earn any compensation or salary.

The judgment of the court below should be affirmed.

BRADY and DANIELS, JJ., concurred.

Judgment affirmed.